NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTINE GUARIGLIA,<br><br>         Plaintiff,<br><br>  v.<br><br>LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND,<br><br>         Defendant. | Civil Action No. 13-01110 (SDW)<br><br>**OPINION**<br><br>November 25, 2013 |

**WIGENTON**, District Judge.

Before the Court is defendant Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund's ("Defendant")[1] Motion to Dismiss ("Motion to Dismiss") and plaintiff Kristine Guariglia's ("Plaintiff") Cross Motion for Partial Summary Judgment ("Cross Motion").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1132(e)(1). Venue is proper pursuant to 28 U.S.C. § 1132(e)(2).

On November 19, 2013, this Court held oral argument in this matter. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Cross Motion is **DENIED**.

---

[1] In the initial complaint and on ECF, Defendant is listed as "Local **446A** United Food and Commercial Workers Union Welfare Service Benefit Fund". (Dkt. No. 1)(emphasis added). Defendant is correctly listed in the Amended Complaint as "Local **464A** United Food and Commercial Workers Union Welfare Service Benefit Fund." (Dkt. No. 3)(emphasis added).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 4, 2012, Plaintiff was a participant in a health plan (the "Plan" or "Welfare Fund") administered by Defendant, when Plaintiff tripped and was injured due to a pothole in a public roadway. (Am. Compl. ¶¶ 4-5.) As a result, Plaintiff incurred medical expenses and will continue to incur expenses in the future due to the injuries she sustained. (*Id.*) The Welfare Fund is governed by the Employee Retirement Income and Security Act, 29 U.S.C. § 1001 et seq., ("ERISA").

On November 13, 2012, Plaintiff filed a lawsuit against James R. Ientile, Inc., Esposito Construction, the Borough of Matawan, Borough of Matawan Sewerage Authority, XYZ Corp., and John Does 1-10 for personal injuries arising from her accident. The suit is currently pending in the Superior Court of New Jersey, Law Division (Monmouth County), Dkt. No. MON-L-4521-12 ("Liability Action"). (*Id.* ¶ 6.) Plaintiff also filed a claim against the Plan for payment of medical expenses incurred in connection with the injuries that she sustained as a result of the April 2012 accident. (*Id.* ¶ 7.)

By letter dated January 29, 2013, the Plan advised Plaintiff's counsel that any outstanding claims related to the April 4, 2012 accident "will be denied as non-covered medical expenses." (Def.'s Mot. Dismiss, Ex. A; Am. Compl. ¶ 10.[2]) The Plan advised that it would assert a lien against Plaintiff's recovery obtained from the Liability Action regardless of whether reimbursed medical expenses are part of the claim for damages in the state court action. (Am. Compl. ¶ 10.) The Plan has not intervened in Plaintiff's Liability Action or brought an action against the tortfeasors to recover medical expenses. (*Id.* ¶ 11.)

---

[2] The Amended Complaint also refers to Exhibit B, but on ECF an Exhibit B to the Amended Complaint was not filed. (Dkt. No. 3.)

On February 25, 2013, Plaintiff filed the initial Complaint in this matter. (*See* Dkt. No. 1). On March 4, 2013, Plaintiff filed an Amended Complaint in this Court. In sum, in the Amended Complaint, Plaintiff alleges that 1) Defendant violated her right to obtain medical benefits under 29 U.S.C. § 1132(a)(1)(B), (a)(3); 2) the Plan does not have an equitable right to any judgment from Plaintiff in the Liability Action because Plaintiff did not include medical expenses as a measure of damages in that action; 3) the Plan's trustees violated 29 U.S.C. § 1132(a)(1)(3) with the Agreement to Reimburse and for Equitable Lien pursuant to the Plan (herein "Reimbursement Agreement"), which limited the Plan's remedies to equitable remedies; 4) the Plan's trustees breached their fiduciary duties in violation of 29 U.S.C. § 1104(a)(1)(D); and 5) "[b]y excluding medical benefits that fall under the definition of Essential Health Benefits in 42 U.S.C. § 1302(b) from the type of medical benefits provided by the Plan if those benefits were incurred due to the fault of a third-party" and requiring Plaintiff to execute the Reimbursement Agreement, Defendant violated 42 U.S.C. § 300gg-6. (*See* Am. Compl., Dkt. No. 3.)

Plaintiff's Amended Complaint contains two counts regarding the alleged ERISA violations. Count One, alleging violation regarding medical expenses pursuant to 42 U.S.C. §300gg-6 and 42 U.S.C. §18022 (P.L. 111-148 §2707 and §1302), includes the following request that "the Court enter an Order (1) enforcing and clarifying her right to obtain medical benefits from the Plan regardless of her failure to execute the [Reimbursement Agreement]; (2) clarifying that the Plan has no equitable right to moneys from the liability action if the [P]laintiff has not included medical expenses as an element of damages in that action; (3) counsel fees and costs." (Am. Compl. ¶ 14.) Count Two, alleging violation of 29 U.S.C. 1132(a)(3) by exclusion of medical benefits under Essential Health Benefits in 42 U.S.C. §1302(b), also includes the

3

request that "the Court enter an Order (1) reforming the terms of the Plan so as not to require a participant to execute the [Reimbursement] Agreement as a condition of obtaining medical benefits; (2) reforming the terms of the Plan so that it cannot exclude from coverage medical expenses that are caused by the fault of a third-party and that meet the definition of Essential Health Benefits[;] (3) enjoining the defendant from enforcing such terms of the Plan; and (4) for counsel fees and costs."  (*Id.* ¶ 19.)

On April 26, 2013, Defendant filed the instant Motion to Dismiss.  (Dkt. No. 6.)  On May 6, 2013, Plaintiff filed a Cross Motion for Partial Summary Judgment, as well as a brief in opposition to Defendant's Motion to Dismiss.  (Dkt. No. 7.)  On May 13, 2013, Defendant filed a reply and opposition to Plaintiff's Cross Motion.  (Dkt. No. 8.)

**LEGAL STANDARD**

*Motion to Dismiss*[3]

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint alleges "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that "Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief" (quoting *Twombly*, 550 U.S. at 555 n.3) (internal quotation marks omitted)).

---

[3] Defendants do not specifically refer to Federal Rule of Civil Procedure 12(b)(6) for the Motion to Dismiss, but it is assumed that this is the rule that they are relying on based on their papers and the cases cited.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (2009). First, the court must separate the factual elements from the legal conclusions. *See id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips*, 515 F.3d at 234-35).

*Motion for Summary Judgment*

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant, who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather, must determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in "a light most favorable" to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

**DISCUSSION**

**Motion to Dismiss**

Defendant asserts that the Amended Complaint does not state a plausible claim for relief against the Welfare Fund, and thus, should be dismissed. Essentially, Defendant's Motion to Dismiss is based on the following arguments: 1) neither ERISA nor the Plan requires reimbursement of third-party expenses; and 2) Plaintiff did not follow the Plan terms and did not appeal the denial of her claims to the Board of Trustees of the Plan before filing suit. (Def.'s Mot. to Dismiss 1.)

*ERISA and Plan Requirements for Reimbursement*

First, Plaintiff asserts that consistent with the New Jersey Collateral Source Statute, N.J.S.A. 2A:15-97, and the New Jersey Tort Claims Act Collateral Source Statute, N.J.S.A. 59:9-2(e), medical expenses are not included as part of damages claimed in the Liability Action in order to avoid a conflict of interest on behalf of counsel with regard to Plaintiff and the Plan. (Am. Compl. ¶ 9.) Plaintiff argues that the Plan is withholding benefits from Plaintiff contingent upon an unknown future recovery, as it is not certain whether Plaintiff will recover any monetary sum in the Liability Action, which is not close to resolution. (*Id.* ¶ 12.) Plaintiff asserts that without a finding of liability against the tortfeasors, the Plan would not become a secondary payor and the Plan cannot deny payment of medical expenses to the participant. (*See* Pl.'s Cross Mot. 10.)

Plaintiff's position regarding the collateral source statutes does not address the main issue for resolution before this Court, as Plaintiff has selected what claims and damages to include in her state court action. Additionally, in *Levine v. United Healthcare Corp.*, the Third Circuit found that ERISA preempted state law. 402 F.3d 156, 166 (3d. Cir. 2005) (finding that a New

Jersey anti-subrogation statute was not exempt from ERISA preemption). The matter before this Court focuses on whether there is a violation of the Plan or ERISA.

Plaintiff alleges that the Plan's failure to pay her medical expenses related to the April 4, 2012 accident is "arbitrary and contrary to law." (Am. Compl. ¶ 14.) After attacking the exclusion of the medical expenses attributable to third parties directly, Plaintiff then directs her arguments to the Reimbursement Agreement and related Plan requirements. Plaintiff asserts that the Reimbursement Agreement is void and unenforceable for several reasons. (*Id.* ¶ 13.) First, Plaintiff argues the Reimbursement Agreement serves no other purpose than to provide the Plan with a contract remedy that is prohibited by ERISA and the New Jersey collateral source statutes. (*Id.*) Second, Plaintiff argues that the Reimbursement Agreement provides the Plan with remedies that exceed those typically available in equity by allowing the Plan to recover money for medical expenses regardless of whether Plaintiff recovers these expenses from the tortfeasor in the Liability Action, and without paying a portion of Plaintiff's attorneys' fees and costs pursuant to the common fund doctrine. (*Id.*) Third, Plaintiff asserts that the Reimbursement Agreement and several provisions of the Plan, "excuse the Plan from providing medical expenses that are required by 42 U.S.C. § 300gg-6 and 42 U.S.C. 18022 (P.L. 111-148 § 2707 and § 1302) and are in violation of those statutes." (*Id.*) Plaintiff asserts that language in the Plan that would exclude her claims should be made to "conform" to ERISA pursuant to section 502(a)(3). However, this Court notes that ERISA does not require the Plan to pay for expenses that are the responsibility of a third party. *See, e.g.*, *Nazay v. Miller*, 949 F.2d 1323 (3d Cir. 1991).

In *Nazay v. Miller*, the court noted that ERISA does not require employers to offer any particular benefit to their employees, rather Congress's clear intent in enacting ERISA was to insure the proper execution of plans once established. 949 F.2d at 1329 (finding ERISA was not

violated when plan included a 30% penalty provision for participants' failure to comply with the plan's certification process). Additionally, in *United Mine Workers v. Helen Mining Co.*, the Third Circuit held that a plan's requirement of prior approval for surgery by the plan administrator was legally enforceable under ERISA because a court should only consider whether the requirement violated federal law or policy. 762 F.2d 1155, 1160 (3d Cir. 1985). More specifically, the *United Mine Workers* court noted that "when the trustees have consistently and literally followed an unambiguous benefit eligibility requirement that was bargained for and that was set forth in an employee benefit plan, that action cannot be called arbitrary and capricious . . . unless enforcement would violate federal law or policy." *Id.*; *see also Albert Einstein Med. Ctr. v. Nat'l Benefit Fund for Hosp. and Health Care Emps.*, 740 F.Supp. 343, 351 (E.D. Pa. 1989) ("[A] court has no power to review the reasonableness of the provisions of an ERISA plan, as long as they do not violate federal law or policy.").

Further, "ERISA requires [e]very employee benefit plan [to] be established and maintained pursuant to a written instrument . . . specify[ing] the basis on which payments are made to and from the plan." *Kennedy v. Plan Adm'r of DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009); 29 U.S.C. § 1102(a)(1), (b)(4). Moreover, "[t]he plan administrator is obliged to act in accordance with the documents and instruments governing the plan." *Id.* (quoting 404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D) (ERISA) (internal quotation marks omitted)). A participant's claims are governed by the terms of the plan. *Id.*; s*ee also In re Unisys Corp. Retiree Med. Benefit ERISA Litig.*, 58 F.3d 896, 902 (3d Cir. 1995) (stating that written terms of an ERISA welfare benefit plan document control the benefits due).

Here, the Plan states that it "does not cover healthcare expenses for which a third party is responsible to pay" and essentially conditioned payment of medical expenses upon a

9

Reimbursement Agreement, which states that Plaintiff will reimburse the Plan for medical expenses it has paid for from any recovery she obtains as a result of the Liability Action. (Pridmore Cert., Ex. A at 3-4; *see also* Am. Compl. ¶ 8.) However, Plaintiff argues that no Plan documents have been provided by the Defendant, just a summary, the Summary Plan Description ("SPD"). [4] (*See* Pl.'s Cross Mot. 1, 3.)

The SPD is unambiguous, and clearly states that it does not cover medical expenses for which a third party is responsible. Defendant asserts that the SPD is enforceable, and Defendant denied Plaintiff's claims because the expenses were excluded under the Plan. The SPD provides that the Plan can require that a participant bring a lawsuit against the responsible party before it will advance payment for medical expenses. Based on the SPD, the Plan may, but is not mandated to enter into an agreement to advance payment for medical expenses that are excluded from coverage because of third-party liability. Thus, the Plan does not have to reimburse Plaintiff for the excluded expenses.

This Court also notes the following points. First, although Plaintiff focuses many of her arguments on why the Reimbursement Agreement should not be enforceable, Plaintiff did not sign the Reimbursement Agreement.[5] Notably, however, the Plan provides:

> [r]egardless of whether [participant] sign[s] such a document, if there is a recovery from another source or responsible third party, whether through a lawsuit, settlement or otherwise, the Plan will have an equitable lien and/or constructive trust in any total recovery obtained, whether or not designated as payment of medical expenses, up to the amount advanced on [participant's] behalf.

---

[4] The SPD states "This Summary Plan Description also serves as the Plan Document for the Plan." (Pridmore Cert., Ex. A at 3.) During oral argument on November 19, 2013, Plaintiff did not contradict this statement.
[5] Regardless, Defendant does assert that the Reimbursement Agreement is enforceable; however, the Welfare Fund is not seeking to enforce it.

(Pridmore Cert., Ex. A at 4.) Second, Defendant claims that Plaintiff's Count Two in the Amended Complaint regarding violation of 29 U.S.C. 1132(a)(3) fails as a matter of law. (*See* Def.'s Reply 2.) Defendant points out that Plaintiff did not specifically address the arguments raised against Count Two and that this Court should consider Plaintiff to have conceded this point. (*Id.*) Although it does not appear that Plaintiff has conceded this issue, in the papers and during oral argument Plaintiff's counsel was unable to support Plaintiff's position or claims regarding Count Two.

*Failure to Exhaust Administrative Remedies*

"[C]ourts have long held that an ERISA plan participant must exhaust the administrative remedies available under the plan before seeking relief in federal court." *Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP*, 297 F. App'x 192, 193 (3d Cir. 2008) (citing *Harrow*, 279 F.3d at 249-51).[6] Notably, however, "ERISA's exhaustion requirement bears all the hallmarks of a nonjurisdictional prudential rule." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007). This is significant because, unlike jurisdictional exhaustion where a plaintiff's failure to exhaust administrative remedies automatically strips the court of subject matter jurisdiction, prudential "exhaustion can be bypassed under certain circumstances." *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) (citing *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)). Accordingly, within the ERISA context, "[a] plaintiff is excused from exhausting administrative procedures . . . if [the plaintiff makes a clear and positive showing that] it would be futile to do so." *Harrow*, 279 F.3d at 249 (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990)). In order to determine the futility of exhaustion in a particular instance, the court engages in a fact-sensitive balancing of factors, which includes:

---

[6] Within the ERISA context, administrative remedy refers to the internal appeal process provided by the plan. *See, e.g., Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 252-53 (3d Cir. 2002).

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

*Id.* at 250 (citing *Berger*, 911 F.2d at 916-17).

Here, an appeal process is designated by the Plan. (*See* Pridmore Cert., Ex. A at 12.) Plaintiff does not even argue that she appealed the denial of her claims to the Board of Trustees prior to filing this action. (*See id.*, Am. Compl., Ex. B.) The main issue here is that the medical expenses payable by third parties would not be covered by the Plan. As such, this Court will not address arguments regarding exhaustion further in this Opinion.

**Cross Motion for Summary Judgment**

Plaintiff's Cross Motion for summary judgment relies heavily on many of the same points asserted in the opposition to the Motion to Dismiss: 1) arguing that the SPD is a summary of the terms of the Plan, not the Plan itself; 2) even assuming that the SPD accurately conveys the terms of the Plan, Plaintiff argues that it does not contain language to support the denial of medical benefits to Plaintiff; and 3) that Defendants have not demonstrated that the Reimbursement Agreement is consistent with the terms of the Plan or that it is not prohibited contractual relief under ERISA. (*See* Pl's Cross Mot.)

As Defendant's Motion to Dismiss will be granted, Plaintiff's Cross Motion for partial summary judgment declaring that the Plan is required to pay Plaintiff's medical expenses as a primary payor and that it has no valid equitable claim against her recovery from a pending state liability action will be denied.

**CONCLUSION**

For the reasons set forth above, this Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Cross Motion.

                                                              s/ Susan D. Wigenton, U.S.D.J.


Orig:   Clerk
cc:     Parties
        Magistrate Judge Arleo